UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRYAN MANUEL ORTIZ ZANBRANO                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:26-CV-44-DCB-RPM

RAFAEL VERGARA                                                       RESPONDENT

**ORDER DENYING MOTION TO EXPEDITE**

Before the Court is Petitioner Bryan Manuel Ortiz Zanbrano's [11] Motion to Expedite Consideration of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee currently housed at the Adams County Correctional Center in Natchez, Mississippi. He is a Venezuelan citizen who arrived in the United States on March 14, 2024; he was detained on November 10, 2025. Among other things, he asks this Court to issue a Writ of Habeas Corpus ordering his release or, alternatively, to order the Immigration Court to conduct a bond hearing in which the government needs to prove by clear and convincing evidence that Petition poses a danger to the community or a flight risk. [1] at 19.

Petitioner is currently scheduled for an Individual Calendar Hearing on March 27, 2026. According to Petitioner, this is expected to be his final hearing before the Immigration Court, at which the Immigration Court will consider any applications for relief, including asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner has filed a motion to continue this hearing, which is opposed by the Department of Homeland Security and was pending at the time the instant motion was filed.[1] In light of this impending hearing, he

---

[1] In his reply, Petitioner does not indicate whether the motion to continue is still pending before the Immigration Court

requests that this Court expedite consideration and adjudication of his petition in this matter.

Respondent Rafael Vergara, Warden of Adams County Correctional Center, does not oppose the motion, taking no position on the expediency of the Court's ruling on the subject petition. [12]. However, Respondent reasserts its opposition to the petition, emphasizing that Petitioner has failed to exhaust his administrative remedies. Additionally, Respondent maintains that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

The Court has considered the parties' arguments and, to the extent any argument is not addressed herein, it would not have changed the outcome. With the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), Petitioner's statutory arguments regarding sections 1225 and 1126 are foreclosed.[2]  Respondent addresses this case in its response to the petition; however, it appears Petitioner does not address this case in his reply. [9]; [10]. As for his due process arguments, Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001) without out pointing out how *Zadvydas* was distinguished in *Demore v. Kim*, 538 U.S. 510 (2003). In fact, it does not appear Petitioner addressed or cited the *Demore* case at all based on this Court's limited review of the pleadings. In *Demore*, the Supreme Court noted it "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." 538 U.S. at 522–23 (quoting *Matthews v. Diaz*, 426 U.S. 67, 79–80 (1976)). The Supreme Court also noted its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," and therefore concluded that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 526, 531. Thus, *Demore* appears to be at odds with the relief requested

---

or if the motion to continue has since been granted or denied. [13].

[2] As of the date of the Order, a mandate has not yet issued as proceedings for rehearing en banc remain pending.

in the petition here.

Based on the above, the Court declines to expedite consideration and adjudication of the petition in this matter.  Therefore, Petitioner's Motion to Expedite Consideration of his Petition for Writ of Habeas Corpus is denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner Bryan Manuel Ortiz Zanbrano's [11] Motion to Expedite Consideration of Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that, to the extent Petitioner wishes to address the decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Demore v. Kim*, 538 U.S. 510 (2003), and their applicability to the instant petition, Petitioner may file an appropriate motion requesting leave to file supplemental briefing.

SO ORDERED AND ADJUDGED, this the 26th day of March 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE